# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY W. MOSER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br><br>TRIARC COMPANIES, INC.,<br><br>　　　　　　　Defendant. | CASE NO. 05CV1742 JLS (WMc)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY, (2) DENYING AS MOOT DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE SURREPLY, and (3) RESETTING HEARING DATE ON DEFENDANT'S MOTION TO STRIKE**<br><br>(Doc. Nos. 27, 36) |

On August 1, 2007, Triarc Companies, Inc. ("defendant") moved to strike both claims for relief in Timothy W. Moser's ("plaintiff") first amended complaint ("FAC"), pursuant to California Code of Civil Procedure § 425.16, i.e., California's "anti-SLAPP" statute. (Doc. No. 25.) Rather than file an opposition to the motion to strike, plaintiff instead moved for leave to conduct discovery, pursuant to Federal Rule of Civil Procedure 56(f). (Doc. No. 27.) After the parties completed briefing on the motion for discovery, defendant applied ex parte for leave to file a surreply. (Doc. No. 36.) For the reasons stated below, the Court **DENIES** leave to conduct discovery, **DENIES** leave to file a surreply, and **RESETS** the hearing date on the anti-SLAPP motion.

//

# BACKGROUND

**A.  Factual Background**

In November 2000, plaintiff began working for Encore Capital Group, Inc. ("Encore") as an executive vice-president, general counsel, and secretary. (Settlement Agreement & Mutual Release ("Agreement"), Recital No. II.) Encore's business involves the purchase, sale, and servicing of consumer debt. (Compl. ¶ 9.) In the spring of 2001, plaintiff reported accounting irregularities to Encore's board of directors and audit committee. (Id. ¶¶ 11-13.) Outside counsel conducted an investigation into the alleged irregularities and found no evidence of wrongdoing. (Id. ¶ 23.) Encore terminated plaintiff's employment on July 31, 2001. (Agreement, Recital No. II.) On June 21, 2002, Encore and plaintiff entered the Agreement, which included a statement that Encore did not terminate plaintiff "for cause." (Id. ¶ 1.1.2.)

In September 2003, Encore filed a Form S-1 with the Securities and Exchange Commission ("SEC").[1] The S-1 contained a section on "Settlement with Former Officer" which summarized plaintiff's claim of irregularities, the investigation by outside counsel, and the findings of no wrongdoing. (Doc. No. 3 in 04cv2085, Exhibit B.) It further explained that plaintiff was placed on administrative leave and then terminated. (Id.) Finally, the S-1 explained that Encore settled plaintiff's claims for severance compensation by paying $500,000 for a release of all claims and liability. (Id.) Encore repeated these statements and incorporated them by reference into subsequent forms filed with the SEC. (Compl. ¶ 25.)

During the relevant period, defendant was allegedly a "major shareholder . . . own[ing] a significant percentage of the outstanding shares" of Encore. (Compl. ¶ 9.)

**B.  Procedural Background**[2]

Plaintiff initiated a separate action against Encore and individual defendants, alleging

---

[1] The Form S-1 is a registration statement which must be filed prior to the sale of securities. 15 U.S.C. § 77e.

[2] The separate action against Encore and the individual defendants was assigned to the Honorable Larry A. Burns. The present action was originally assigned to the Honorable Rudi M. Brewster and then reassigned to Judge Burns on Feburary 2, 2006 by report of the clerk pursuant to the low number rule. (Doc. No. 7.) Both cases were transferred to the Honorable Janis L. Sammartino on October 3, 2007.

1  various causes of action in tort and contract.  (See Case No. 04cv2085.)  The Court denied all
2  defendants' anti-SLAPP motions.  (Doc. Nos. 73, 156 in 04cv2085.)  Defendants' appeal of the
3  denial of those motions is currently pending before the Ninth Circuit Court of Appeals.
4       On September 7, 2005, plaintiff initiated the present action against defendant.  (Doc. No.
5  1.)  In the FAC filed on January 6, 2006, plaintiff alleged causes of action for intentional
6  interference with contractual relations and intentional infliction of emotional distress.  (Doc. No.
7  3.)  Plaintiff specifically alleged that defendant "participated in advising, directing, and
8  controlling" Encore in the filing of the Form S-1 and subsequent documents.  The S-1's
9  "Settlement with Former Officer" section contained allegedly defamatory statements which
10  constituted a breach of the Settlement Agreement.  Defendant allegedly benefitted from the filing
11  of the Form S-1 by obtaining a higher price for Encore's stock.
12       On June 30, 2006, defendant moved to dismiss the FAC, arguing that plaintiff's claims
13  were barred by the statute of limitations and limitation-of-liability principles favoring
14  shareholders.  (Doc. Nos. 12 & 13.)  The Court denied that motion on March 29, 2007.  (Doc. No.
15  21.)  Defendant then filed its anti-SLAPP motion on August 1, 2007.  (Doc. No. 25.)  Plaintiff
16  filed its motion for leave to conduct discovery on August 14, 2007.  (Doc. No. 27.)  On August 28,
17  2007, the Court then granted the parties' joint motion to continue the anti-SLAPP motion so the
18  Court could first decide the discovery motion.  (Doc. No. 30.)  After the parties completed briefing
19  on the discovery motion pursuant to Civil Local Rule 7.1(e), defendant made an ex parte filing for
20  leave to file a surreply.  (Doc. No. 36.)

**DISCUSSION**

22  California's anti-SLAPP statute creates a special motion to strike "[a] cause of action
23  against a person arising from any act . . . in furtherance of the person's right of petition or free
24  speech . . . in connection with a public issue."  Cal. Civ. Proc. Code § 425.16(b)(1).  The statute
25  defines what writings, statements, and conduct constitute protected activity.  See id. § 425.16(e).  If
26  defendant carries its burden of "a threshold showing that the challenged cause of action is one
27  arising from protected activity[,]" the Court "then determines whether the plaintiff has
28  demonstrated a probability of prevailing on the claim."  Equilon Enters. v. Consumer Cause, Inc.,
29 Cal. 4th 53, 67 (Cal. 2002).

When a party files an anti-SLAPP motion to strike, discovery is stayed until the court rules on the motion, except that the court may allow specified discovery "on noticed motion and for good cause shown[.]" Cal. Civ. Proc. Code § 425.16(g); see <u>Batzel v. Smith</u>, 333 F.3d 1018, 1024 (9th Cir. 2003) (acknowledging the discovery stay when a party files an anti-SLAPP motion to strike and explaining that discovery resumes only when and if the court denies the motion). The Court may deny a discovery request where "discovery is not essential . . . to respond to the motion to strike[.]" <u>Four Navy SEALs v. Associated Press</u>, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005). In particular, where the anti-SLAPP motion "only identifies legal defects on the face of the pleading," the court treats it as a Rule 12(b)(6) motion for failure to state a claim. <u>Rogers v. Home Shopping Network, Inc.</u>, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999). In ruling on a Rule 12(b)(6) motion, the court "'take[s] all of the allegations of material fact stated in the complaint as true and construe[s] them in the light most favorable to the nonmoving party.'" <u>Perfect 10, Inc. v. Visa Int'l Serv. Ass'n</u>, 494 F.3d 788, 794 (9th Cir. 2007) (quoting <u>Rodriguez v. Panayiotou</u>, 314 F.3d 979, 983 (9th Cir. 2002)). Although a district court ordinarily must convert a Rule 12(b)(6) motion into a summary judgment motion when it considers evidence outside the pleadings, the district court may consider documents attached to or incorporated by reference into the complaint, as well as matters of judicial notice, in deciding a motion to dismiss. <u>United States v. Ritchie</u>, 342 F.3d 903, 907-08 (9th Cir. 2003).

By contrast, where a party opposing a motion for summary judgment "cannot . . . present . . . facts essential to justify the party's opposition, the court . . . may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had[.]" Fed. R. Civ. P. 56(f); see <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 846 (9th Cir. 2001) (explaining that Rule 56 has been interpreted to require, rather than permit, discovery where nonmoving party has not had the opportunity to discover information essential to its opposition). Therefore, if a party brings an anti-SLAPP motion challenging the sufficiency of the nonmoving party's evidence, the court must allow the nonmoving party to conduct discovery "sufficiently to permit summary judgment under Rule 56." <u>Rogers</u>, 57 F. Supp. 2d at 982; see <u>Wornick</u>, 264 F.3d at 846-47 (reversing and remanding to allow discovery on issue within moving party's "exclusive control," where district

court held that nonmoving party had not shown a probability of prevailing on its cause of action).

Here, the Court denies plaintiff's discovery request because the Court finds that defendant's underlying anti-SLAPP motion challenges the legal sufficiency of plaintiff's complaint, rather than the sufficiency of plaintiff's evidence. Defendant's motion presents two questions: (1) whether the filing of a Form S-1 registration statement with the SEC is a protected act as defined by the anti-SLAPP statute, and (2) whether the statements in the Form S-1 are protected by the "litigation privilege," see Cal. Civ. Code § 47(b). To resolve these issues, the Court must read the complaint, take judicial notice of the Form S-1, and interpret the relevant statutes: there is no need to consider other evidence beyond the pleadings. Although defendant makes a passing comment that "plaintiff cannot present competent and admissible evidence establishing a probability of ultimate success" (Def. Notice of Motion, at 2), defendant's opening memorandum offers no argument in support of this conclusory statement. Instead, defendant argues why the allegations of plaintiff's complaint fail as a matter of law. Therefore, the Court may treat defendant's motion as a motion to dismiss under Rule 12(b)(6), rather than a motion for summary judgment.

The Court's resolution of the anti-SLAPP motions in the separate action against Encore and the individual defendnats bolsters the finding that the Court need not order discovery. (See Doc. Nos. 73, 156 in 04cv2085.) There, without the benefit of additional discovery requested by plaintiff, the Court held that the filing of a Form S-1 was not a protected act. Encore relied on many of the same arguments and authorities that defendant presents in its opening memorandum in this anti-SLAPP motion. If the Court did not need discovery to decide the previous motions, there is no apparent reason why the Court would need discovery now.[3] Nonetheless, because plaintiff

---

[3] Claiming that "federal law unquestionably requires" discovery, plaintiff cites two unpublished opinions for the first time in his reply brief. (See Pl. Reply, at 4.) Neither case changes the outcome. To the contrary, Aeroplate Corp. v. Arch Insurance Co. supports the result in this case because it holds the anti-SLAPP "discovery-limiting provisions . . . are not available in federal court unless. . . the only issues presented by the motions is an issue of law and the motion is suitable for decision as a motion to dismiss pursuant to Rule 12(b)(6)." No. CV F 06-1909 AWI SMS, 2006 WL 3257487, at *9 (E.D. Cal. Nov. 9, 2006). Ryan v. Editions Limited West, Inc. is distinguishable because the moving party alleged the nonmoving party's evidence was insufficient on a specific element of the cause of action. No. C-06-4812 PVT, 2006 WL 3707894, at *4 (N.D. Cal. Dec. 14, 2006).

brought his request for discovery before the completion of briefing on the anti-SLAPP motion, the Court's denial of plaintiff's discovery request is without prejudice.

## CONCLUSION

Because defendant's motion to strike is akin to a Rule 12(b)(6) motion rather than a summary judgment motion, the Court **DENIES WITHOUT PREJUDICE** plaintiff's motion for leave to conduct discovery. Having denied the motion for discovery, the Court **DENIES AS MOOT** defendant's ex parte motion for leave to file a surreply. The Court **RESETS** the hearing date for defendant's motion to strike to Friday, November 16, 2007 at 10:30 a.m. in Courtroom 6. Unless the parties are subsequently notified, the Court **SHALL TAKE** the matter under submission without oral argument, pursuant to Civil Local Rule 7.1(d)(1). The parties **SHALL COMPLY** with Local Rule 7.1(e)(2)-(3) in filing the remaining briefs on defendant's motion to strike.

IT IS SO ORDERED.

DATED: October 16, 2007

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge